E-FILED
Wednesday, 04 February, 2009  12:42:30 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

IAN G. WATKINS,
    Plaintiff,

vs.    08-1065

MICHAEL D. McCOY, et al.,
    Defendants.

### MEMORANDUM OPINION AND ORDER

    Before the court is the defendants' unopposed motion to dismiss the plaintiff's complaint, filed on June 16, 2008. The court notes that the plaintiff did not oppose the motion, nor has he filed a motion for extension of time to respond.

### Standard

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

    When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Alleged Facts

    Ian Watkins is the plaintiff and was detained in Peoria County Jail at the time he filed the instant complaint. He names as defendants Michael D. McCoy, Sheriff; Judy Moss, Superintendent; Steven S. Smith, Correctional Superintendent. The plaintiff claims he submitted a request to get a case shephardized so he could aid in his appellate defense. He claims the information was not in the law library because the books are outdated, inadequate and insufficient.

**Arguments**

The defendants argue that shephardizing is not a constitutional right and therefore the plaintiff's claims against the defendants must be dismissed for failure to state a claim because the plaintiff does not have a right under the U.S. Constitution or federal statute to have cases shepardized for him. *See generally Johnson v. Avery*, 393 U.S. 483, 489 (1969); *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 351 and 356-57 (1996). Inmates have the right to access to court which is sometimes effectuated by assistance with research, but one instance of a correctional officer not having the requested information does not create a constitutional claim. "*Bounds* did not create an abstract, freestanding right to a law library." *Lewis*, at 351. Further, the defendants argue that even if jail staff had a duty to shepardize cases for prisoners in order to provide access to court, the plaintiff would still have no claim. Bringing an access to court claim requires a showing of actual injury in order for a plaintiff to have standing. *Lewis*, at 349. The plaintiff has not alleged that his access to court has been harmed in any way. He still has a pending appeal of his criminal conviction and he wanted a case shepardized for that very appeal. Without a showing of actual injury, the plaintiff has failed to state a claim.

Further, the defendants assert that this Court can take judicial notice of "historical documents, documents contained in the public record, and reports of administrative bodies." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *See also Driebel v. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002), *Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987). Additionally, "[a] court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee*, 161 F.3d at 456. Defendants have attached copies of documents from the underlying State Court case relevant to the issues before this court. Assuming that the Constitution does guarantee the right to have cases shepardized and that the plaintiff's allegation that a single case was not shepardized for him in an ongoing proceeding provides standing for the plaintiff to complain, the plaintiff's claim still fails. Pursuant to the State Appellate Defender Act, 725 ILCS 105/10, Illinois provides public defenders for appeals of criminal convictions. The defendants assume that the plaintiff wanted cases shepardized for the appeal of People v. IanWatkins, Peoria County Case #01-CF-1153. The defendants advise the court that in that case, the plaintiff appealed his conviction with the aid of the Appellate Public Defender in 2003. He then appealed the conviction from his re-trial in 2007, also with the assistance of the Appellate Public Defender. Since the plaintiff is represented by a Public Defender, he has the burden to show that access to a Public Defender is inadequate to protect his rights. *Kunzelman v. Thompson*, 799 F2d 1172, 1179 (7th Cir. 1986). Without that showing, the plaintiff's claim must be dismissed. Since the plaintiff failed to file any response to the defendants' motion to dismiss, the plaintiff did not meet his burden.

Furthermore, an eight member majority of the Supreme Court reiterated that it is left to the States to adopt systems to assure access to courts. *Lewis v. Casey*, 518 U.S. 343, 356-56 (1996). The Seventh Circuit has also noted that the responsibility of County jails may be satisfied by the provision of counsel "despite the complete lack of access to a law library."

*Casteel v. Pieschek*, 3 F.3d 1050, 1054 (7th Cir. 1993).

It is therefore ordered:

1. Pursuant to Fed. R. Civ. Pro. Rule 123(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.
2. Because the Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the strike the in the strikes og.
3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).
4. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

Enter this 4th day of February 2009.

<u>s\Harold A. Baker</u>
_____
Harold A. Baker
United States District Judge